UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN SILVER,

    Plaintiff,

v.

K. GHEE, et al.,

    Defendants.

Case No. 24-cv-03593-TLT

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed a *pro se* complaint against a clerk at the Alameda County Superior Court. ECF 1. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order. Plaintiff's complaint is now before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

Plaintiff names as defendants a deputy clerk at the Alameda County Superior Court, as well as the courthouse itself. He alleges the clerk did not properly file and process his petition for a writ of mandate in which he attempted to make a Freedom of Information Act request from the California Occupational Safety and Health Administration. He claims a violation of his right to due process and seeks money damages.

The courthouse cannot be sued because it is not a person within the meaning of § 1983. Clerks of Court and their employees have absolute immunity for damages for tasks performed that are "an integral part of the judicial process." *See, e.g., Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *see also Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986) (clerk has absolute quasi-judicial immunity under FTCA where his acts were integral part of judicial process). More recently, the Ninth Circuit has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning state actors are granted absolute immunity from damages liability in suits under § 1983 for performing "functions necessary to the judicial process." *See Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993)). Because the filing and processing of petitions are actions that are integral and necessary to the judicial process, defendant is immune from plaintiff's claim for money damages. The case therefore must be dismissed.

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: November 20, 2024

_____
TRINA L. THOMPSON
United States District Judge